RICHARD W. VOSS, d/b/a Fabco Metals, Plaintiff-Appellee, *v.* BITUMINOUS CASUALTY CORPORATION, Defendant-Appellant.

Third District   No. 76-503

Opinion filed August 9, 1977.

Richard Quinn, of McConnell, Kennedy, Quinn & Morris, of Peoria, for appellant.

John A. Slevin, of Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Richard Voss, d/b/a Fabco Metals, commenced this action in the circuit court of Peoria County against the defendant, Bituminous Casualty Corp., to recover damages sustained by a crane which was owned by plaintiff and subject to a contract of insurance issued by defendant in favor of plaintiff. After a jury trial had begun, the court granted a directed verdict for plaintiff and entered judgment thereon in the amount of $40,495.93. From that judgment defendant appeals.

The essential facts in this controversy are disputed. The crane in question moves on four large rubber tires and can be driven under its own power to each job location. The lifting power of the crane is provided by a telescopic boom composed of three concentric sections. The crane is normally transported with the boom fully retracted in a horizontal position extending forward centered between the two front tires. The base of the crane is equipped with four arm-like devices called "outriggers" which may be extended outward and then driven downward to the ground. These outriggers provide a wider support base, enabling the crane to lift a greater weight without tipping over. The outriggers on this crane may be fully retracted to within the base of the unit. When the outriggers are fully retracted the only support is provided by the four rubber tires.

On the morning of the occurrence, the crane was driven to a construction location to assist in pouring concrete. Upon arriving at the site, the operator placed the crane 100 to 200 feet away from where it was

going to be used. The operator extended the boom forward over the front of the unit to about 40 to 45 feet and then elevated the boom about 30 to 35 percent. The operator locked the boom in this position which prevented the boom from swinging to either side. He then climbed out of the cab, leaving the motor running. The outriggers were fully retracted at this time.

The machine sat in this position for about an hour, at which time it was observed by the operator turning over onto its left side. The stipulated amount of damages incurred by the crane when it tipped over was $40,495.93.

The contract of insurance between plaintiff and defendant contains an exclusionary clause styled "Outrigger Warranty." This clause is at the heart of the controversy between the parties and provides:

> "While the insured equipment and machinery which contains outriggers and or stabilizers is in operating or lifting position, such outriggers or stabilizers shall be extended to their proper functioning position, and if at the time of loss they are not in such position no coverage as provided by this policy shall apply to that piece of equipment or to any equipment directly damaged thereby."

Whether or not plaintiff is entitled to coverage under his insurance policy rests solely on an application and construction of this exclusion. It is an established principle that an insurer must affirmatively demonstrate the applicability of a policy exclusion. (*Kravis v. Smith-Marine, Inc.*, 20 Ill. App. 3d 483, 314 N.E.2d 577.) Hence, it was defendant's burden to prove lack of coverage by virtue of the "outrigger warranty."

To establish the applicability of the exclusion, it was necessary that two facts be proven. First, the crane had to be in operating or lifting position and second, that the outriggers were not "extended to their proper functioning position." In light of the undisputed facts surrounding the accident which damaged the crane, both parties agree that whether or not coverage exists under the policy must be determined as a matter of law.

Before directing a verdict in favor of plaintiff, the trial court ruled that since no ambiguity existed in the contract, parole evidence was inadmissible and the intent of the parties must be determined solely from the contract. The court found defendant had proven the first requirement for the policy exclusion to apply, to wit, that the crane was in an operating or lifting position at the time of the accident. While plaintiff takes exception to this determination on appeal, in light of our decision it is unnecessary to decide the propriety of this portion of the court's ruling.

A more difficult matter for the trial court involved construction of the phrase "shall be extended to their proper functioning position." The trial court ruled that what the parties intended by this phrase was that unless

the machine was being used properly at the time the crane was damaged, there would be no coverage. It was the trial court's opinion that the proper functioning position of the outriggers in any given circumstance would be determined by the manufacturer's specifications.

Once the trial court had determined that the coverage was limited by the exclusion to damages incurred while the crane was being operated according to the manufacturer's specifications, the sole factual issue became whether the operation of the crane at the time of the accident came within the manufacturer's specifications for proper operation. In support of his contention that the crane was being operated properly, plaintiff had introduced various detailed load charts describing the maximum weight the crane was capable of lifting in a given position. Defendant offered no evidence to rebut the validity of these charts. The trial court determined that the uncontroverted evidence establish that the crane was being operated within manufacturer's recommendations when the crane tipped over and directed a verdict for plaintiff. Judgment was then entered for the amount of stipulated damages. We find the trial court's construction of the policy exclusion in the insurance contract to be correct.

Defendant insists that a proper construction of the outrigger warranty provision requires that the outrigger be extended from its retracted position before coverage would inure. Since it was undisputed that no portion of the outriggers were extended and the trial court also found that the crane was in a lifting position at the time of the accident, defendant maintains that the prerequisites for the exclusion's applicability have been established. Defendant concludes that it therefore has no liability under the insurance contract.

■■ Defendant's construction of the policy exclusion fails to consider the meaning of the words "proper functioning position." The amount the outriggers were to be extended was governed by this phrase. Plaintiff was not required by the policy to extend the outriggers past this position. As we construe these words together, they do not connote a position of maximum stability, but rather a position which comes within the design specifications for safe operation of the unit. If the unit was designed to operate within certain weight limitations without the outriggers being extended at all, then the outriggers' proper functioning position for that weight would be a fully retracted position.

In construing the policy exclusion, we are not unmindful of a well known concept with was aptly expressed in *Dawe's Laboratories v. Commercial Insurance Co.*, 19 Ill. App. 3d 1039, 313 N.E.2d 218:

> "[I]f the language in the exclusion above analyzed was 'susceptible of two constructions, that construction will be adopted which is more favorable to the insured.' [Citation.] This principle is most

rigorously applied in considering the meaning of exclusions incorporated into a policy of insurance. Expressions used by an insurer in attempting 'to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured.' [Citation.]" (19 Ill. App. 3d 1039, 1049, 313 N.E.2d 218, 225.) In light of the foregoing principle, any doubts which might exist as to the choice of the differing constructions offered by each party, must be resolved in plaintiff's favor.

■■ We agree with defendant that it was not required to offer casualty insurance in all situations when the crane was being used according to manufacturer's specifications, but was free to impose any further restrictions in an effort to minimize the risk it was insuring. However, if defendant desired to minimize its insurance risks by requiring full or partial extension of the outriggers whenever the boom was extended or moved laterally from its central resting position, it would have taken little imagination to draft an exclusionary clause expressing those requirements. Having chosen to adopt language which is capable of a different construction, defendant must resign itself to a construction favoring the insured. We find the trial court's directed verdict and judgment in favor of plaintiff well supported by both the law and evidence. For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

BARRY and SCOTT, JJ., concur.